## SUPREME COURT.

JAMES T. BRUCE, appellant agt. WM. S. DRIGGS, respondent.

An action against *a stockholder of a manufacturing corporation* to charge him individually with a debt of the company, on the ground that the whole amount of the capital stock of the company had not been paid in when the debt was contracted, cannot be maintained where the *plaintiff* fails at the trial to show that the capital stock of the company had not been paid in.

*New York General Term, February*, 1863.

SUTHERLAND, INGRAHAM and CLERKE, *Justices.*

THE plaintiff sued the defendant as a stockholder of the Wallace Piano Company, claiming that he was liable for a debt of the company, in consequence of the whole amount of the capital stock not having been paid in when the debt was contracted. It appeared at the trial, at the circuit, that $178,000 of the capital had been paid in by a patent right for improved piano-fortes, but no evidence was produced of the filing of a certificate that the capital stock had been paid in full, on the part of the defendant. The court sustained the defendant's motion to dismiss the complaint on the ground of a failure of the plaintiff to show that the capital stock had not been paid in.

A motion by the plaintiff for a new trial was denied at the special term, and plaintiff appealed to the general term.

R. HOWARD and C. F. SANDFORD, *for appellant.*

I. The liability of stockholders under the general manufacturing law of 1848, is not a liability *created* or *imposed* by the statute, but is a common law liability, from which the statute provides a contingent exemption, to take effect *in futuro.* (*Corning* agt. *McCullough*, 1 *Comst.*, 47.)

II. Such liability is understood to have been voluntarily assumed by every stockholder, and as the same continues, *until* the condition upon which exemption depends has been

Bruce agt. Driggs.

fully performed, the performance of such condition must be matter of defence. The onus of proving such performance accordingly devolves upon the stocknolder. (*Same case, and General Manufacturing Act*, § 10.)

III. There is no legal presumption in favor of the performance of such condition.

If such presumption ever exists, it does not arise within two years from the date of incorporation. (§ 10.)

IV. The presumption is rather against its fulfillment, prior to the lapse of such two years.

V. There is nothing unreasonable in the construction claimed. The *onus probandi* is always thrown upon a party holding the affirmative, and the payment of capital may much more readily be shown by a stockholder, to whom all the books and papers of a company are accessible, and who may well be supposed familiar with its every action, than the non-payment by a creditor, from whom all information on the subject can readily be withheld.

VI. The amendment of 1853, authorizing the purchase of necessary property, and the issue of stock to the amount of the value thereof in payment therefor, does not operate as a repeal of § 14, so far as the payment of the original capital fixed and limited by the company is concerned.

VII. If the requirement of § 14, as regards the payment of capital in cash, be deemed to have been repealed by such amendment, then the onus of showing that the amount of the stock issued in payment for property, did not exceed the value thereof, devolves upon the stockholder.

VIII. If upon the creditor, very slight evidence of a discrepancy between the amount of the stock and the value of such property, should be deemed adequate to shift the burden.

IX. The evidence adduced on the part of the plaintiff, was sufficient to sustain the action.

X. But the filing of a certificate of payment in full, equally with such payment, is a condition precedent to the

exemption of the stockholders from individual liability, and the onus of showing such filing is upon the stockholder as matter of defence. His liability exists " *until* " such *certificate* is filed.

The plaintiff's right of recovery is perfect until defendant shows payment either in cash or property, and *certificate* of such payment.

XI. The annual report required by § 12, is the only information accessible to creditors in regard to the payment of the capital. Such report, rendered in pursuance of the statute, should be deemed at least presumptive evidence of the facts therein stated. The court erred in excluding the report dated 1st January, 1858.

XII. A new trial should be granted.

WM. E. CURTIS, *for respondent.*

I. The court very properly rejected the testimony offered by the plaintiff, at folio 26, for several reasons. The certificate was irregular, and in no way complying with the statute, and neither signed or sworn to by the president, or a majority of the trustees, (2 *R. S.*, 5*th ed.*, *p.* 661, § 35,) and incompetent as against a third person, not a party to it, and who was merely a stockholder.

II. The court did not err in dismissing the complaint. The evidence discloses that the defendant was protected by this provision of the statute :

" The trustees of such company may purchase moneys, manufactories and other property necessary for their business, and issue stock, to the amount of the value thereof, in payment therefor; and the stock so issued shall be declared and taken to be full stock, and not liable to any further calls; neither shall the holders thereof be liable for any further payments, under the provisions of the tenth section of the said act, but in all statements and reports of the company to be published, this stock shall not be stated or reported as being issued for cash paid in to the company,

but shall be reported in this respect according to the fact."
(1853, *ch.* 333, § 2 ; *2d R. S., 5th ed., p.* 660, § 33.)

There was an entire failure to impeach the value of the
patent, or to establish any bad faith in the transaction.

III. The plaintiff cannot now present as an objection that
the defendant omitted to show that the company made and
recorded a certificate, within two years from its incorpora-
tion, that the stock had been paid in.   In his complaint he
seeks to charge the defendant with liability upon another
ground, and having failed to establish it at the trial, he
neither asked to amend his complaint, by alleging other
laches against the company, or even directed the attention
of the court to the objection.   It is contrary to the policy
of the law to permit a party to keep back an objection at
the trial, which, if it had any force, could have been met
there, in order to raise it on a motion for a new trial.   Jus-
tice to the party, as well as the court below, requires that
it should have been raised there.

There is no common law liability on the part of stock-
holders which the statute modifies on certain conditions,
and no onus resting on stockholders of showing that these
conditions had been complied with, preliminary to their
exoneration from such common law liability.   On the con-
trary, the legal presumption is, that all steps have been
correctly taken by the corporation, until the contrary is
shown.   (*Best on Presumptions,* § 57 *to* § 68, *vol.* 31, *Law
Library, N. S.; Angel & Ames on Corporations,* §§ 41, 63,
65, 595, 596, 605, 606, 629 ; *Hartwell* agt. *Root,* 19 *John.,*
345; *Mechanics' Bank* agt. *S. V. Co.,* 25 *Barb.,* 419 ; *Phelps*
agt. *Hartwell,* 1 *Mass.,* 71 ; *Phillip* agt. *Ford,* 9 *Pick.,* 39.)

The case of *Corning* agt. *McCollough,* (1 *Com.,* 47,) refers
to the act of 1837, and not to the existing law.

The case shows that the two years had not elapsed when
suit was commenced, within which the certificate is to be
filed ; that all the stock has been paid in, (*folios* 2, 9, 17,
18.)   (*Garrison* agt. *Howe,* 17 *N. Y.,* 458.)

Wildey agt. Whitney.

IV. The agreement sued upon is not to be wholly per-formed by either party within one year, (*folio* 4 ;) and con-sequently one from which the stockholders are exempted from personal liability. (2 *R. S., 5th ed.*, 663, § 47 ; *Broad-well* agt. *Getman*, 2 *Denio*, 87.)

SUTHERLAND, P. J. The court are of opinion that the ruling below was correct. It is concurred in by my asso-ciates. The complaint was rightfully dismissed, and the order denying a new trial is affirmed, together with the judgment appealed from.

———◆◆———

# SUPREME COURT.

ALANSON WILDEY, EMORY SHEAK, Jr., HENRY THOMPSON and ALVAH WOOD, appellants agt. GEORGE WHITNEY, im-pleaded with EMORY SHEAK, respondent.

Where a *legatee* (one of the children) of the testator takes from the executors, as a portion of his legacy under the will, *a bond and mortgage* formerly given to the testator, and held in trust by the executors, the *mortgagor is a competent witness* in his own behalf in an action to foreclose the mortgage, to prove a pay-ment on the bond and mortgage to the testator in his lifetime.

*General Term, Sixth District; Binghamton, May,* 1863.
*Present,* CAMPBELL, PARKER and MASON, *Justices.*
APPEAL from judgment on report of a referee.

B. N. LOOMIS, *for appellants.*
GEORGE BARTLETT, *for respondent.*

By the court, PARKER, Justice. This action is brought to restrain the defendant Whitney from proceeding in the foreclosure of a mortgage, which he had commenced by advertisement under the statute.

In July, 1840, Joshua Whitney, now deceased, conveyed to the plaintiffs, Thompson and Wood, and to the defendant