(Decided 21st February, 1873.)

---

WASHINGTON BOOTH *vs.* ROBERT CAMPBELL, JR., and N. A. RAMSBURG, trading as CAMPBELL & RAMSBURG.

*Individual Liability of a Stockholder of an Incorporated Company, under Act of 1868, ch. 471, (General Corporation Act.) Effect of failure to pay in the Capital Stock within the prescribed time.*

Under section 59 of the Act of 1868, ch., 471, (General Corporation Act) the several stockholders of a corporation are individually liable until the whole amount of its capital stock shall have been paid in, for any debts of the corporation contracted before that time.

The failure to pay in the capital stock of a corporation within the time prescribed by law, subjects the corporation to proceedings for a dissolution, but has no application to the defence of an individual stockholder sued for the recovery of a debt of the corporation.

Booth *vs.* Campbell & Ramsburg.

The provisions of section 59 of the Act of 1868, ch. 471, are applicable as well to the increased capital stock of a corporation, under section 69, as to the capital fixed in its original charter.

APPEAL from the Superior Court of Baltimore city.

The facts are stated in the opinion of the Court, which also sufficiently sets forth the exceptions taken at the trial below.

The cause was argued before BARTOL C. J., STEWART, BOWIE, BRENT and ROBINSON, J.

*Geo. C. Maund* and *Geo. Wm. Brown*, for the appellant.

In this case all of the capital stock was paid in, *after* suit, but *before* trial. Was not that fact a bar to the further continuance of the action? The case of *Norris vs. Johnson*, 34 *Md.*, 489, pointedly abstains from deciding this question, and leaves it open.

By the plain intent and policy of the Act of 1868, the individual liability of the stockholder is terminated by payment of the entire capital stock at any time before the trial of the suit against him.

The debts sued upon in this case were contracted after the payment of the capital stock fixed by the original charter. Such payment forever terminated the liability of the stockholder, and such liability cannot arise as to debts subsequently contracted by the Company, even though the capital stock be increased, and such increase of stock be unpaid, because the individual liability of the stockholder rests entirely upon statutory enactment, and there is no clause of the statute providing for such liability after the stock fixed by the original charter has all been paid. *Smith's Com. on Statutory Construction, secs.* 714, 715, 716.

*John P. Poe*, for the appellees.

The ruling of the Court, excluding the certificate, dated 14th August, 1872, was correct.

The claim of the appellees had arisen in the summer and fall of 1871. At this time the appellant was a stockholder to the amount of $5,000, and the capital stock had not been paid up. By the provisions of the law, the right of action of the appellees against the appellant as such stockholder became then complete and perfect. This much is not denied, and if the suit had been tried at the January term or May term, 1872, instead of being continued to the September term, 1872, when it was tried, it will not be disputed that the appellees would have been entitled to recover. But the proposition contended for by the appellant is, that this perfect complete and absolute right of action in November, 1871, and which so continued until the 14th of August, 1872, was on that day destroyed by the recording of the certificate dated on that day, or in other words, that the recording of such certificate operated as a release of the valid, pre-existing legal right of action of the appellees.

The appellees, on the other hand, maintain that the liability of the appellant became "determined and irrevocable" by the contracting of the debt in question by the corporation, "while the appellant was a stockholder and before the capital stock was fully paid up;" and that the subsequent payment of the whole of the capital stock, which still leaves the company largely insolvent, will not have the effect of putting an end to a previously valid claim against the appellant, and of remitting the appellees to an action against the company.

This question is *res adjudicata* in this Court. *Norris vs. Wrenschall*, 34 *Md.*, 498, 500; *Hager vs. Cleveland & Bassett*, 36 *Md.*, 476; *Code*, 1868, *Art.* 26, *sec.* 59; *Norris vs. Johnson*, 34 *Md.*, 489, 491; *Abbott vs. Aspinwall*, 26 *Barb.*, 207; *Moss vs. Oakley*, 2 *Hill*, 265; *Aspinwall vs. Torrance*, 1 *Lansing*, 383.

Even if such antecedent liability could in some cases be released by the subsequent payment of the whole of the

capital stock, yet the case of the appellant is not brought within such construction of the Code, because the capital stock was not paid in as required by law. One half of the increase of $23,000, viz., $11,500, was not paid in within one year from the 28th April, 1871. This is fatal of itself to the defence of the appellant.

The statutory liability could at most only be discharged by compliance with the statutory requirements, which was not done. *Art.* 26, (1868) *sec.* 59.

By the terms of section 69 of Article 26, stockholders in corporations, whose capital is increased as therein provided, continue subject to the liability declared in section 59.

BRENT, J., delivered the opinion of the Court.

This case involves the individual liability of the appellant, as a stockholder in the Chesapeake Steamboat Company, a corporation formed under the general corporation law of this State, (1868, *ch.* 471) for a debt contracted by the company before the whole amount of its capital stock was paid in (*sec.* 59). All errors in pleading have been waived by an agreement between the parties, and the case is to be tried, upon the facts offered in evidence, without regard to the state of pleadings.

This company was incorporated on the 12th of May, 1868, with a capital of $22,000, and the appellant on the 28th of April, 1870, became a stockholder to the extent of $1,000. On the 24th of May, 1870, a certificate was filed in the office of the Clerk of the Superior Court of Baltimore City, by which it appears that the whole amount of this capital stock had been subscribed and paid for. On the 11th of April, 1871, the stockholders determined to increase the capital stock, and it was accordingly increased to $45,000, and on the 27th of May following a certificate to that effect was duly recorded. Of the increased stock the appellant took $4,000, making the

whole amount of stock held by him $5,000, for which he has paid in full. The three promissory notes, which are the causes of action, are dated, one on the 14th of July, and the other two on the 14th of September, 1871, and the suit was brought on the 10th of November of the same year.

After these facts had been offered at the trial, the appellant offered to give in evidence a certificate, duly executed and recorded, showing that the whole amount of the increased capital stock of the company had also been subscribed, and paid in as follows: $8,500 on the 28th of April 1871, $1,800 within one year from that date, and the balance, $12,700, within thirty days before the 14th of August 1872, the date of the certificate. This certificate was duly filed for record in the office of the Clerk of the Superior Court of Baltimore City on the day after its date.

Upon objection made by the plaintiffs the Court refused to allow this certificate to go in evidence to the jury, and this refusal forms the subject matter of the first bill of exceptions.

As no objection is taken to the certificate upon any ground of informality or other defect, the sole question presented by the exception is, whether the liability of a stockholder under the 59th section of the Act of 1868, (*supplement to the Code* 1868, *Art.* 26,) for a debt of the company, contracted before the capital stock has been paid in, is terminated by the payment in of such capital stock, or continues after that event. The section provides that "all the stockholders of any such corporation shall be severally and individually liable to the creditors of the corporation of which they are stockholders, to an amount equal to the amount of stock held by them respectively, for all debts and contracts made by the corporation, until the whole amount of the capital stock fixed and limited by the corporation shall have been paid in, and a certi-

ficate thereof made and filed as prescribed in the following section of this article; and the capital stock so fixed and limited shall all be paid in, one half thereof in one year, and the other half thereof in two years from and after the incorporation of said company, or such corporation shall be dissolved." It is insisted by the appellees that the provision "until the whole amount, &c., shall have been paid in" refers to debts that may have been contracted, while on the part of the appellant it is claimed, that it has reference to the individual liability of the stockholder, and fixes a period when such liability is to cease. We think the construction contended for by the appellant is the proper one. In construing a statute the usual and ordinary meaning of words is to be adopted and followed, unless there exists a strong and controlling reason for giving them an unusual signification. The law before us was drafted and reported to the Legislature by a commission composed of very able gentlemen, and we must infer that in knowing the ordinary meaning of terms, they used such as were best calculated to indicate the purpose of the law. The word *until* is not synonymous with the word *before*, and if the contingency mentioned in this section was intended to apply to debts, the expression used would have been, "for all debts and contracts made *before* the whole amount, &c.," and not "*until* the whole amount of the capital stock, &c." This view is strengthened by reference to the language used in section 64, where it is intended to make the liability of a stockholder fixed and determinate upon the happening of a contingency. There the language used is not *until*, but "*before* the making, &c." If the punctuation is to be any guide, this also indicates that the word *until* is not designed to apply exclusively to the debts made by the corporation, as it is separated by appropriate punctuation from that expression, and is thereby made to refer to a provision antecedent to that one.

Manifestly to our minds the construction of this section is to refer the words "until the whole amount of capital stock, &c.," to the expression "shall be severally and individually liable." By doing so the word *until* is accepted in its ordinary signification, and is the appropriate one to be used in that connection. We therefore read the section to mean, that the several stockholders of a corporation are individually liable until the whole amount of its capital stock shall have been paid in, for any debts of the corporation contracted before that time. This construction fixes a period of time, at which the individual liability of the stockholder ceases; and the creditor is to look for payment to the corporation, the payment in of whose capital stock has now been secured as a fund out of which its liabilities are to be met. If therefore the whole capital stock of this company was paid in before the trial of this suit, the antecedent liability of the appellant had terminated, and the appellees were not entitled to prosecute their claim to a judgment against him.

The argument, that the right to an action against a party, upon his liability for a debt, once given cannot be divested, may be true where it is given unconditionally. But if given to depend upon a contingency it is otherwise. The same law which confers it may direct it to cease upon the happening of a certain event. Nor do we agree with the appellees' counsel that the appellant cannot avail himself of the defence that the whole amount of capital stock has been paid in, because it was not paid, one-half in one year, and the other half in two years, as required by the section which we have been considering. The failure to make the payment in the time mentioned subjects the corporation to proceedings for a dissolution, but has no reference or application to the defence of an individual stockholder sued, as in the present case, for the recovery of a debt of the corporation.

It was intimated at the argument, that the Court below would have given the same construction to this section which we have placed upon it, but for an expression used in the opinion delivered in the case of *Norris vs. Wren-schall*, 34 *Md.*, 492. The point we have been considering did not arise in that case, and was not involved in its decision. The language used in the opinion must be confined, as it was intended, to a case where the debt was contracted by the corporation, "whilst the defendant was a stockholder, and before the capital stock is paid up." If these two conditions concur at the time of trial, there can be no doubt of the liability. In another case, *(Norris vs. Johnson*, 34 *Md*, 485,) argued and decided at the same time, the point was distinctly adverted to and left undecided—and it was so intended by the Court.

The second exception is taken to the rejection of the prayer of the defendant, in which the Court is asked to instruct the jury, that the defendant is not liable if the whole amount of capital stock, fixed and limited by the original charter of the company, was paid in before the debt to the plaintiff was contracted, although they may find the increased stock of the company was not so paid in. The language of the section authorizing an increase of the capital stock of a corporation is too clear in its language to admit of any question upon this point. It provides (sec. 69,) "And every corporation incorporated under the general laws of this State or under this Article which shall so diminish or increase its stock, shall remain subject in other particulars to the provisions of this Article" This clearly embraces the 59th section, and makes its provisions applicable as well to the increased capital stock of a corporation as to the capital fixed in its original charter. This prayer was therefore properly refused.

But for the error in refusing to allow the certificate, mentioned in the first bill of exceptions, to be given in evidence to the jury, the judgment below will be reversed.

As this certificate appears from the record before us to be conclusive against the right of the appellees to recover, a new trial will not be ordered.

(Decided 21st February, 1873.)

