**DOGGRELL**

v.

**SOUTHERN BOX CO., Inc. OF MISSISSIPPI.**

**No. 11701.**

United States Court of Appeals, Sixth Circuit.

Dec. 1, 1953.

Co. v. Doggrell, 261 S.W.2d 130, all filed during the pendency of a motion for rehearing in the above entitled cause, in which it was held that the provision of the Arkansas statute in question was a penal statute and would not be enforced by the courts of Tennessee, and that appellant was a stockholder in a *de facto* corporation and, according to the law of Tennessee, would not be individually liable for the payment of the debts of the Arkansas corporation, I am of the opinion that the petition for rehearing should be granted; that the opinion heretofore filed should be set aside; and that a judgment should be entered in favor of appellant.

MILLER, Circuit Judge.

Although I am not in agreement with the recent opinion of the Supreme Court of Tennessee in the case of Paper Products Co. v. Doggrell, Tenn.Sup., 261 S.W.2d 127, rehearing denied October 9, 1953, Tenn.Sup., 261 S.W.2d 130, I am of the opinion that under the authority of Erie R. Co. v. Tompkins, 304 U.S. 64. 58 S.Ct. 817, 82 L.Ed. 1188; Vandenbark v. Owens-Illinois Glass Co., 311 U. S. 538, 61 S.Ct. 347, 85 L.Ed. 327; Klaxon Co. v. Stentor Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477, and Guaranty Trust Co. v. York, 326 U.S. 99, 109–110, 65 S.Ct. 1464, 89 L.Ed. 2079, the ruling in that case is controlling in this case, with the result that the petition for rehearing should be granted and the judgment of the District Court be reversed.

Harry W. Wellford, Memphis, Tenn. (Lewis R. Donelson, III, Harry W. Wellford, on the brief; Snowden, Davis, McCloy, Donelson & Myar, Memphis, Tenn., of counsel), for appellant.

John B. Mack, Memphis, Tenn. (Clarence Clifton, John B. Mack, Memphis, Tenn., on the brief; Clifton & Mack, J. W. Kirkpatrick, Memphis, Tenn., Norton & Norton, Forrest City, Ark., of counsel), for appellee.

Before MARTIN, McALLISTER, and MILLER, Circuit Judges.

McALLISTER, Circuit Judge.

For the reasons stated in the dissenting opinion heretofore filed, and because of the decisions of the Supreme Court of Tennessee in the cases of Paper Products Co. v. Doggrell, 261 S.W.2d 127; and Turner Brass Works, a Corporation, The Meyercord Company, a Corporation v. Frank E. Doggrell, Jr., and W. G. Konz (Decided July 17, 1953), unreported, as well as the decision and opinion of the Supreme Court of Tennessee on the petition for rehearing of Paper Products

MARTIN, Circuit Judge (dissenting.)

Appellant presents on petition for rehearing the opinion of the Supreme Court of Tennessee in Paper Products Co. v. Doggrell, Tenn.Sup., 261 S.W.2d 130, wherein the state court adheres to its previous decision and cites and discusses with approval the dissenting opinion of Judge McALLISTER in the instant case. Judge McALLISTER adheres to his previous views and Judge MILLER, who concurred in the opinion which I wrote, while not in agreement

with the conclusion reached by the Supreme Court of Tennessee, is of the opinion that the petition to rehear should be sustained, the former ruling of this court set aside, and the judgment of the district court reversed. He bases this conclusion upon what he considers to be the compelling effect of the following authorities: Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; Vandenbark v. Owens-Illinois Glass Co., 311 U.S. 538, 61 S.Ct. 347, 85 L.Ed. 327; Klaxon Co. v. Stentor Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Guaranty Trust Co. v. York, 326 U.S. 99, 109–110, 65 S.Ct. 1464, 89 L.Ed. 2079.

Were this a case involving only a matter of general common law, the doctrine of Erie R. Co. v. Tompkins would undoubtedly apply. And, under compulsion of the Vandenbark case, reversal of our previous decision would be required. Or, if we had before us a simple issue of conflict in the common law between states, the Klaxon case would be controlling. If the salient issue were whether a statute of limitations of the forum state would bar recovery in an action brought in a federal court to recover upon a state-created right, Guaranty Trust Co. v. York would apply.

But, in my judgment, we confront no such situations here. I think that, in the instant matter, the Supreme Court of Tennessee, contrary to the Constitution of the United States, has failed to give full faith and credit as required by the Constitution to the judgment of the highest court of Arkansas, based upon the latter court's interpretation of an Arkansas statute. The appellant in the case at bar occupies the exact status which the Supreme Court of Arkansas, in an identical case, Whitaker v. Mitchell Mfg. Co., 219 Ark. 779, 244 S.W.2d 965, held imposed liability upon a stockholder of an Arkansas corporation which had failed to conform to the corporate organization laws of that state.

Long before the revolutionary doctrine of Erie R. Co. v. Tompkins was promulgated, it had been recognized that the interpretation of a state statute by its highest court becomes in effect a part of the statute, unless in contravention of the federal Constitution or of federal law. As pointed out in my previous writing in this case, Huntington v. Attrill, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123, held that whether a state statute is penal in the sense that it cannot be enforced in another state depends upon whether the purpose of the statute is to punish an offense against the public justice or to afford a private remedy to a person injured by wrongful act; and that the Supreme Court of the United States would decide for itself whether or not a state statute is penal in the international sense. The Supreme Court of Tennessee has ignored this long-established doctrine. Despite the prior holding of the United States Court of Appeals, upon the authority of Huntington v. Attrill, supra, that the Arkansas statute is not penal in the international sense, the Tennessee Supreme Court held directly to the contrary. I read nothing in Erie R. Co. v. Tompkins, or in any other Supreme Court opinion, which permits the Supreme Court of Tennessee to exercise any such authority. I refer again to the authorities cited in my original opinion for the then-majority of our court to the point that the courts of a forum state, including a federal court sitting therein, are bound to apply the pertinent statutes of a sister state as construed by the highest court of that state. Broderick v. Rosner, 294 U.S. 629, 643, 55 S.Ct. 589, 79 L.Ed. 1100; Converse v. Hamilton, 224 U.S. 243, 260, 261, 32 S.Ct. 415, 56 L.Ed. 749; Hughes v. Fetter, 341 U.S. 609, 613, 71 S.Ct. 980, 95 L.Ed. 1212.

The following cases are cited as further authority for my opinion that the Supreme Court of Tennessee has failed to give the mandatory "full faith and credit" to the decision of the Supreme Court of Arkansas construing the pertinent statute of that state by virtue of which a stockholder in the same Arkansas corporation in which appellant was a stockholder was held liable for the cor-

porate debts: Modern Woodmen v. Mixer, 267 U.S. 544, 551, 45 S.Ct. 389, 69 L.Ed. 783; First Nat. Bank v. United Air Lines, 342 U.S. 396, 72 S.Ct. 421, 96 L.Ed. 441; Order of United Commercial Travelers v. Wolfe, 331 U.S. 586, 615–617, 67 S.Ct. 1355, 91 L.Ed. 1687; Magnolia Petroleum Co. v. Hunt, 320 U. S. 430, 438, 64 S.Ct. 208, 88 L.Ed. 149.

For the foregoing reasons, I would adhere to the former decision of this court and deny appellant's petition for rehearing.