**MEMPHIS STATE UNIVERSITY,**
Appellee,

v.

**Grady AGEE, Executor of the Estate of Redford A. Tilson, William G. Tilson, Carol Ann Tilson Schultz, Sally Tilson, Robert Tilson, and Christopher Tilson, Appellants.**

Court of Appeals of Tennessee,
Western Section.

Dec. 9, 1977.

Certiorari Denied by Supreme Court
May 1, 1978.

Ernest G. Kelly, Jr., Memphis, for appellants.

Brooks McLemore, Jr., Atty. Gen., Donald L. Corlew, Asst. Atty. Gen., Nashville, for appellee.

NEARN, Judge.

This suit is for declaratory judgment.

The question is: Whether, under the circumstances of this case, a devise of personal property located in Tennessee by the decedent, a Mississippi domiciliary at the time of his death, is governed by Tennessee law; and if so, can the Mississippi mortmain statute be interposed to defeat the intent of the testator?

The agreed facts as encapsulated by this Court are that Redford A. Tilson died on June 29, 1972, a resident of Jackson County, Mississippi, leaving some real and personal property in Tennessee. His last will and testament was a holograph and was written by the deceased at a time in 1968 when he was a resident of Tennessee. The residuary clause thereof furnishes the impetus for this litigation. That clause provides for the residue to go to Memphis State University. We are here concerned only with the residue of personalty located in Tennessee. The will was probated in Mississippi and ancillary probate had in this state. In its essentials, and insofar as it concerns the personalty here involved, the Mississippi mortmain [1] statute provides that a deceased leaving a spouse or issue may not bequeath more than one third of the estate to any charitable, religious, educational, or civil institution to the exclusion of such spouse or child. Tilson left more than one third of his estate to Memphis State University. The residuary clause under consideration violates the Mississippi statute and is void under Mississippi law. Tilson's children are all residents of the State of Tennessee.

The Trial Judge recognized the general principle that title to personal property follows the owner and that the disposition of such is governed by the law of the domicile of the testator regardless of the actual location of such personalty. However, the Trial Judge carved out an exception to the general rule. He held that where the testator was a resident of this state at the time of the execution of the will, and where the deceased unquestionably intended the bequest to pass to a Tennessee publicly owned educational institution, and would so pass but for the Mississippi mortmain statute, it would be against the public policy of the State of Tennessee to enforce the Mississippi mortmain statute. The Trial Judge felt buttressed in this holding because, clearly, the Mississippi mortmain statute never entered the testator's mind at the time of the execution of the holograph and because the polestar of the Tennessee law of wills is the effectuation of the intent of the testator.

We believe the Trial Judge erred in holding that in this case the effectuation of applicable Mississippi law was contrary to the public policy of this state.

Of course, foreign laws, when applicable, will be enforced by this state. However, foreign laws which are contrary to the announced public policy of this state will not be enforced. *Paper Products Co. v. Doggrell* (1953) 195 Tenn. 581, 261 S.W.2d 127.

The public policy of a state may be found in its Constitution, legislative acts, or Supreme Court pronouncements based upon either or both of the former or the common law.

The law and public policy of this state is that the law of the domicile will govern the disposition of personalty or movables. Such was the common law before there was a Tennessee. The Tennessee Courts have so recognized that fact in published opinions at least since 1867. See *Williams v. Saunders, et als.* (1867) 45 Tenn. (5 Coldwell) 60; see also *Kirkland v. Calhoun* (1922) 147 Tenn. 388, 248 S.W. 302; *Pritchard on Wills*, Third Edition § 54.

1. See Mississippi Code Annotated 91–5–31.

However, neither the common law or anything else is carved in immutable stone and exceptions to the rule are sometimes necessary for the sake of justice.

■ We simply believe that the exception itself, carved out by the Trial Judge in this case, is contrary to the public policy of this state.

If we look at the obverse side of the Trial Judge's holding, we find that the effect of the creation of the "exception" is to favor the state over its citizens. All of the children of Tilson are residents of this state and, in this case, but for a created "exception" to our public policy and laws, they would receive the personalty. The state ought not be favored over its citizens. Additionally, we see nothing in principle in the Mississippi mortmain statute that violates the public policy or legislatively announced principles of this state. This state has enacted numerous statutes designed to prevent a deceased from effectively leaving the widow-widower and/or children out of a will. We have or have had statutes which operate to invalidate the testator's announced intent so as to protect posthumous or pretermitted children, dower and curtesy of a spouse, dissent and homestead rights, rights of family to insurance proceeds as against creditors. T.C.A. §§ 31–115, 32–303, 304; 31–601 to 613 [repealed]; 31–614 to 621; 31–111; 56–1108 to 1110.

The only distinction we see in the mortmain statute and the general laws of this state is one of degree. Therefore, we must conclude that the Mississippi mortmain statute is not repugnant to our public policy.

According to complainant's prayer, we have determined the rights of the parties under the law of Tennessee and the cause is remanded to the probate court for distribution of the assets in accordance to the view herein.

Costs are adjudged against appellee.

Honorable William H. Inman, by designation of the Supreme Court of Tennessee, took part in the hearing of this appeal in the absence of Judge Paul R. Summers.

Done at Jackson in the two hundred and second year of our Independence and in the one hundred and eighty-second year of our Statehood.

MATHERNE, J., and INMAN, Special Judge, concur.