GARNETT et al. vs. RICHARDSON, et al.

CORPORATION:    *Only a partnership until corporate articles filed.*

An association of persons can not do business as a corporation until their articles of association are filed in the office of the secretary of state, as provided by law. (*Gantt's Dig.*, sec. 3341.) For purchases made by them before then they are personally liable as partners.

Garnett et al. vs. Richardson et al.

APPEAL from *Garland* Circuit Court.
Hon. J. M. SMITH, Circuit Judge.
*Harrell*, for appellant.
*Davies*, contra.

ENGLISH, C. J. Richardson & Co., druggists of St. Louis, sued Algernon S. Garnett, John M. Huffman and Thomas W. Beaty, upon an open account for drugs, etc., amounting, without interest, to $458.50, in the circuit court of Garland county.

The amended complaint alleged that defendants, at the time of the sale and delivery of the goods, were partners, doing business at and near Hot Springs, under the firm name and style of the Hot Springs Ice Company; that said goods (described in bill of particulars filed) were sold and delivered by plaintiffs to defendants in their said firm name, and were purchased by said defendants in their firm name, etc.

The bill of particulars shows that the goods were purchased at different dates from the twenty-third of June to the seventh of August, 1876.

The suit was dismissed as to defendant Beaty, for want of service of process, and Garnett and Huffman answered.

The substance of the defense was, that at the times the goods were purchased, the defendants were a corporation, and not partners, and that before suit they had transferred their stock in the Hot Springs Ice Company to others, and that the suit should have been against such corporation, and not against defendants as partners, etc.

The case was submitted to the court, and the court found from the evidence:

1. That plaintiffs sold and delivered to defendants, Al-

10

gernon S. Garnett, John M. Huffman and Thomas W. Beaty, the articles specified in their account filed, at the time therein specified, amounting to the sum of $458.50.

2.   That defendants, at the times of the sales, were associated together in business, and known as the Hot Springs Ice Manufacturing Company, but not incorporated.

3.   That plaintiffs are entitled to recover, in this action, the amount of said debt, with interest, etc.

Judgment was accordingly rendered against Garnett and Huffman; a new trial was refused, and they took a bill of exceptions, and appealed.

On the trial it was proved that the articles of association, signed by Garnett, Huffman and Beaty, for the incorporation of The Hot Springs Ice Company, were filed in the office of the clerk of the county court of Garland county, on the twenty-first of June, 1876, but were not filed in the office of the secretary of state until some time in the following October.

CORPORATION:
Only a partnership until corporate articles are filed.

Appellants could not do business as a corporation until their articles of association were filed in the office of the secretary of state, as provided by the general act of incorporation, *sec. 3341 Gantt's Digest.* For purchases made by them before then, they were personally liable as partners. *Angel & Ames, on Corporations, sec. 591, etc.*

Affirmed.