## AUSTIN ET AL. VS. FIELDER AND WIFE.

WILLS.  *Two of different dates.  Finding of Circuit Court.*
  The finding of the Circuit Court, sitting as a Jury as to which is
    the later of two wills will not be disturbed unless there is a
    total want of evidence to support it.  The dates to the wills
    are not conclusive.

APPEAL from *Crawford* Circuit Court.
HON. J. H. ROGERS, Circuit Judge.

*W. Walker,* for appellants ;

By reference to the schedules of the testators effects at the
end of the two instruments the Court will perceive that they
are both dated, and that the date of the one appended to
the probated will is subsequent to that of the one read in
evidence by appellees. This is the only fact or circum-
stance that could be adduced to show which of the two in-
struments was last executed, and in the absence of any other
proof in that direction it is conclusive. Taking the case up
on the weight of evidence, as the Court is bound to do, the
judgment of the Court below must be reversed.

The will read in evidence by appellees in the Court below
was never before the Probate Court ; it was produced in the
lower for the first time. The latter has exclusive original
jurisdiction of the question of will or no will, and until it
passes upon the question, the Appellate Courts can have no
power to pass upon the question. Only think of the conse-
quences that would result from the assumption of the
Appellate Court to decide that a document produced as evi-
dence, which had not been passed upon by the Probate
Court, was the true last will ?

*Jesse Turner* for appellee :

In deciding this case, the Judge performed the functions
of a jury and the weight of evidence lawfully warranted his
finding, and the judgment should not be disturbed.

That the second supposed will was made after the probated will, is extremely probable, from the date of memorandum attached, which is subsequent to the date of the probated will. Independently of the dates or merits of either will, the supposed will admitted to probate was *stale* and *obsolete*, and though we have no statute of limitation applicable, the lapse of thirty years ought to bar every real or pretended right arising under it.

SMITH J.

Andrew Austin died some thirty years ago, leaving two holographic wills, both bearing the same date of April 7, 1848. To each is attached a schedule of his property, showing the estimated value thereof to be $4117. On the 12th of April, 1848, he added a codicil to one of these instruments. The effect of the codicil is to make the will, of which it is a part, substantially identical in its provisions with the other instrument, except in one particular. The legatees and the pecuniary legacies bequeathed to them are the same in both, but in the will with the codicil John Austin is made sole residuary legatee, whereas in the other will John and George Austin are residuary legatees.

The schedules of property are both in the handwriting of the testator. That attached to the will with the codicil, bears no date. The other schedule has the date of April 24th, 1848.

Neither of the wills was offered for probate until the year 1879, when the will with codicil was admitted to probate upon proof by three disinterested witnesses, that the body of the document and the signatures thereto were in the proper hadwriting of Andrew Austin. From the order of admission to probate and record, one of the parties prosecuted an appeal to the Circuit Court, when the case was tried anew and submitted to the Court without the intervention

of a jury ; the issue being which of the two instruments was executed last in point of time.   The only evidence that was introduced on either side, were the the two .wills, with accompanying schedules; all of which, it was admitted, were written by the testator.   No declaration of law was asked or refused.   The Circuit Court came to"the conclusion that the will, to which a codicil was afterwards annexed, was the rough draft of the instrument, basing its decision upon certain internal evidence contained in the two papers, the will, which it found to be later in execution, containing all the provisions of the first will and codicil and being more specific and expressed in fuller details than the first.   It, therefore, gave judgment that the instrument admitted to probate was not the last will and testament of Andrew Austin, and revoked the probate.

The two wills being inconsistent, it was a question of fact which was the later.   The dates affixed were not conclusive. And the finding of the Court, sitting as a jury, will not be disturbed, unless there was a total want of evidence to support it.

Gullege v. Howard, 23 Ark., 61.

Mayson v. Edington, Ib., 208.

Affirmed.