## BREITZKE *v.* TUCKER.

### Opinion delivered June 11, 1917.

1. EVIDENCE PAROL PROOF—DATE A WRITING BECOMES EFFECTIVE.—Parol evidence is admissible to show when a written and dated contract is to take effect, where the writing itself is silent upon that subject.

2. EVIDENCE—PERSONAL INJURY ACTION—DEFENDANTS HAVING ATTEMPTED TO INCORPORATE.—Plaintiff was run over and injured by a wagon having on it the sign "Oaklawn Dairy Co.," and sought to hold all the parties who had signed the articles of incorporation of a company bearing that name. *Held,* parol evidence was admissible to show that the articles of incorporation were improperly dated and that at the time of the injury the defendants were not liable as partners.

3. PARTNERSHIP—PERSONS ATTEMPTING TO INCORPORATE—LIABILITY FOR TORT.—Persons attempting to incorporate will not be liable as partners for a tort, unless, after the attempt to incorporate, they have attempted to conduct business as a corporation.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; reversed.

*Price Shofner* and *Charles Jacobson,* for appellants.

1. The court below grounded its position on 35 Ark. 144. The next case is 69 Ark. 229, followed by 121 *Id.* 541. The parties were held as partners, because (1) there was a failure or abortive attempt to incorporate, or (2) they conducted or operated the business after the failure to incorporate; but in no instance have parties been held where they made no attempt to operate, nor incur liability. 114 Ark. 344; 17 L. R. A. 549; 69 Ill. App. 527; 119 *Id.* 430; 117 Fed. 216; 65 N. E. 224; 84 S. E. 487; 158 S. W. 705; 29 Utah 34; 81 Pac. 165; 127 Mass. 24; 34 Minn. 355; 43 N. E. 99; 168 Fed. 187; 22 L. R. A. (N. S.) 1153.

2. Parol evidence was admissible to show when the articles were actually signed. 82 Ark. 219, 101 S. W. 408; 100 Ark. 360, 140 S. W. 132; 112 Ark. 33, 164 S. W. 764; 172 S. W. 855; 20 *Id.* 811; 138 *Id.* 978; 183 *Id.* 167.

*M. J. Manning* and *W. R. F. Paine,* for appellee.

1. The court followed the law laid down in 35 Ark. 144; 62 *Id.* 234. The evidence shows an abortive attempt to incorporate and the conducting and operating of business. Appellants are bound by the record they have made in this case, on February 9, 1916, and can not dispute it.

2. Parol evidence was not admissible to alter or contradict the record. Greenleaf on Ev., § § 86-7; 92 Ark. 504; 10 R. C. L., § § 208-214 and 220-228; 103 Ark. 183; 107 *Id.* 153.

SMITH, J. For her cause of action, appellee, who was the plaintiff below, alleged that appellants, who were the defendants below, were owners of the Oaklawn Dairy Company and, in the pursuit of their dairy business, operated wagons to handle the dairy products, and that one of these wagons, while so employed, ran over plaintiff and injured her very severely. The injury occurred February 18, 1916, and the wagon which inflicted it had painted on its sides the words, "Oaklawn Dairy."

All of the defendants except Breitzke answered, denying the material allegations of the complaint, and specifically denying that they owned or operated the Oaklawn Dairy Company, or that they had any control over the driver of the wagon, or that they were in any manner interested in that company. Breitzke did not answer, as he had obtained from the plaintiff, for a valuable consideration, a covenant not to sue him.

Breitzke owned and operated the Oaklawn Dairy Company, and the other defendants owned and operated the O. K. Ice Cream Company, and these parties agreed to consolidate their businesses, and to incorporate the

consolidated business under the name of the Oaklawn Dairy Company, which was the business name under which Breitzke had been operating. It was shown that the articles for the incorporation of this business, bearing date February 9, 1916, and signed by defendants, were filed with the county clerk of Pulaski County on March 3, 1916, and with the Secretary of State on March 4, 1916, and no other proof was offered on the subject of the incorporation of the company.

Appellants offered to prove that the incorporators had agreed to incorporate under the name under which Breitzke was conducting his business, but that the incorporation was to be effective only from and after March 1, until which time the Oaklawn Dairy Company and the O. K. Ice Cream Company should each conduct its business separately, and that this was done by these companies, neither having any connection with the other, and no attempt was made to do business as a corporation. But this evidence was excluded. Evidence was also excluded which tended to show that each of these companies had an attorney to represent it in the preparation of tentative articles of incorporation, and that the attorney for Breitzke prepared these articles, which were dated February 9, 1916, the date of their preparation, and that these articles were submitted to the owners of the O. K. Ice Cream Company, who took them to their attorney, who suggested certain changes some days later. These changes were discussed by all the parties, but agreement was not reached until the latter part of the month and until after appellee's injury. In the meantime each company had continued to operate its separate business, and after the terms were agreed on, the articles were returned to Breitzke's attorney, who handed them to his stenographer with instructions to redraft them, incorporating the changes which had been agreed upon, but overlooked calling attention to the change in dates, presuming the stenographer would date the articles on the date of their redrafting, but, instead

of doing this, the stenographer copied the old date. When the articles were redrafted, the changes were found correct, and the parties signed the articles without noticing that the date remained unchanged. This excluded evidence would have shown that the articles were signed after the 26th of February, and that after being signed they were put away until after March 1st, in order to give each company an opportunity to wind up its business, and that the mule and wagon causing the injury were owned by the Oaklawn Dairy Company and the driver employed by it, and that the owners of the O. K. Ice Cream Company had nothing whatever to do with the Oaklawn Dairy Company until after appellee's injury. The trial court refused to permit the introduction of any of this evidence, holding in effect that all who signed the articles of incorporation were partners in the Oaklawn Dairy Company from the 9th day of February, 1916, by reason of signing the same, and that they could not show as a matter of fact when the articles were signed, nor the intention of the parties, nor who actually owned and operated the Oaklawn at the time the injury occurred.

(1-2)  We think the court erred in the exclusion of this evidence, as it did not contravene the rule which forbids contradicting or varying a written contract by parol testimony. It is permissible to show, by parol evidence, when a written and dated contract was to take effect where the writing itself is silent upon that subject, and appellants should have been allowed to show both that an error had been made in inserting the date, and that the writing was not intended to be effective until March 1st. Appellee sues for a tort, and does not attempt to assert any contractual rights under a writing. Her right to recover damages against appellants depends upon the relation existing between appellants, and she relies upon this writing as establishing a relation between them which furnishes the basis of her suit, and there can, therefore, be no valid objection to evi-

dence which shows when this writing was intended to be effective. *Barr Cash & P. C. Co.* v. *Brooks-Ozan Mercantile Co.,* 82 Ark. 219; *American Sales Book Co.* v. *Whitaker,* 100 Ark. 360; *Pickler* v. *Arkansas Packing Co.,* 112 Ark. 33; *Howell* v. *Rye,* 35 Ark. 470, 477; *Austin* v. *Fielder,* 40 Ark. 144; *State* v. *Wallis,* 57 Ark. 64; *Cox* v. *Smith,* 99 Ark. 218; *Burke* v. *DuLaney,* 153 U. S. 228; *Walden* v. *Skinner,* 101 U. S. 577; *Ware* v. *Allen,* 128 U. S. 590.

(3) We think the evidence insufficient to support a verdict that appellants were partners. Liability against them, as such, is asserted upon the theory that, at the time of appellee's injury, appellants were operating the wagon as an incident to their dairy business, and that this business was being conducted pursuant to an abortive attempt to incorporate. This liability is said to exist under the authority of the case of *Garnett* v. *Richardson,* 35 Ark. 144. It has been stated, in a subsequent case, that the above-cited case, which is here relied upon, was apparently against the weight of authority, and, while it has not been overruled or qualified, we have expressly declined to extend the doctrine of that case. *Bank of Midland* v. *Harris,* 114 Ark. 344. We think it would be a radical extension of the doctrine of that case to apply it to the facts of this, for, to hold persons attempting to incorporate liable as partners, there must, not only be an abortive attempt to incorporate, but there must also have been an attempt, after the failure to incorporate, to conduct the business for which the corporation was intended. See *Rutherford* v. *Hill,* 17 L. R. A. 549, and the extensive note to that case.

The excluded proof would have shown that, at the time of appellee's injury, no business had been conducted, no attempt had been made to exercise any corporate function, and, consequently, there could be no liability as partners for the individual act of a prospective incorporator.

We must remand the cause, and we do not dismiss it only because the case may not have been fully developed upon the question of the true date upon which the incorporators organized, elected officers and proceeded to do business as a corporation, the court below having excluded all proof upon this subject, on the erroneous theory that the articles of incorporation offered in evidence concluded that question. Judgment reversed and cause remanded.