WESCO SUPPLY COMPANY *v.* SMITH.

Opinion delivered April 22, 1918.

1. CORPORATIONS—DE FACTO.—Where articles of incorporation were signed and filed with the county clerk but not with the Secretary of State, though the incorporators intended to do so, but business was conducted in the name of the proposed corporation, it will be held to be a corporation *de facto*.

2. CORPORATIONS—DE FACTO—INDIVIDUAL LIABILITY OF PURCHASER OF STOCK.—The purchaser of stock in a *de facto* corporation is not liable as a partner to one who dealt solely with the corporation as a corporation.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks*, Judge; affirmed.

*Milton B. Rose* and *Powell Clayton*, for appellant.

1. Smith was liable. It was error to grant the peremptory instruction. He was a stockholder and actively participated in the management of the corporation. 35 Ark. 144; 62 *Id.* 229; 125 *Id.* 155; 168 Fed. 187; 196 S. W. 462; 10 Cyc. 248; 17 L. R. A. 549; L. R. A. 1916 C. 196-201; 29 L. R. A. 143; 39 *Id.* 810; 10 Cyc. 658.

2. To constitute a corporation *de facto* there must be a *bona fide* attempt to comply with the law. 121 Ark. 541; 168 Fed. 187; 7 R. C. L. 64; 10 Cyc. 252; 8 A. & E. Enc. L. (2d ed.) 752. There was no such attempt. Appellee succeeded to all the rights and obligations of the original corporators and knew that the law had not been complied with, and purchased an interest in the company, thereby becoming liable.

*Manning, Emerson & Donham,* for appellee.

1. Appellee was properly held not liable. 35 Ark. 144 has been overruled. 114 *Id*. 244.

2. Mere failure to properly incorporate is not fatal to the existence of a corporation *de facto*. 1 Thompson Corp. (2d. ed.) § § 234, 255; 1 Cook Corp. (7th ed.) § 234.

3. Appellant is estopped. 10 Cyc. 662; 1 Cook on Corp. (6 ed.) § 234.

4. Appellee is not liable as a partner, stockholder, nor promoter. Kirby's Dig. § 849, and cases *supra*.

## STATEMENT OF FACTS.

The Arkansas Public Service Company was organized by one U. S. Bratton and others. It was their intention to have the same incorporated. The proposed articles of incorporation were filed with the county clerk of Pulaski County on April 3, 1913, but the incorporation was never completed by filing the articles with the Secretary of State and procuring a certificate to do business. Bratton was the principal owner of the proposed corporation and W. F. Bratton and wife, O. S. Bratton, and Guy Bratton had some shares.

The purpose of the incorporation, as set forth in the articles, was the maintaining of a water, light and ice plant in Augusta, Ark. On May 4, 1913, Bratton sold to Peyton Smith practically a half interest in the concern for $20,500 to be paid at various times thereafter, with the provision that the first $7,000 was to be deposited to the credit of the Arkansas Public Service Company to be used by the company in meeting its obligations and in making improvements contemplated by the organization. On June 16, 1913, the Arkansas Public Service Company executed two notes to the Wesco Supply Company for $410.05 and $455.52, respectively. These notes were for machinery purchased, between June 2, and October 3, 1913. The Arkansas Public Service Company, hereafter called the Service Company, purchased of the

Wesco Supply Company, hereafter called Supply Company, machinery of aggregate value of $1,008.64. The Service Company having failed to pay these sums when due and after demand the Supply Company instituted this action against U. S. Bratton and Peyton Smith, and alleged that they were individually liable for the debts of the Service Company because of the fact that the incorporation of that company had never been completed. Bratton answered setting up his discharge in bankruptcy, and for that reason he passes out of the case. Smith answered denying all the material allegations of the complaint and denied that he had executed the notes or had incurred the indebtedness evidenced by the open account sued on. Smith set up that the notes were executed in the name of the Service Company and were the notes of Bratton and that he (Smith) had no connection, whatever, with the transaction mentioned in the complaint.

The appellant introduced the notes, evidencing the indebtedness mentioned as covered by the notes, signed Arkansas Public Service by U. S. Bratton, President, and also proved the amount of its account. The appellant also adduced evidence tending to prove that Bratton told Smith that he had never filed the articles of incorporation with the Secretary of State, the reason being that the expenses of the repairs, that were being made at Augusta, were heavier than he had expected, and consumed all the money that he had expected to apply to the expense of incorporation.

Bratton stated that at the time he entered into the contract with Smith for the sale of stock that he told Smith that he (Bratton) intended to go ahead and complete the organization out of the $7,000 that he (Smith) was to pay. Smith was a little slow in making the first payment of $2,000 and by that time some of the bills were due and they were demanding payment. Bratton told Smith that the bills were pressing and so far as he was concerned the completion of the incorporation by

filing the articles with the Secretary of State did not make any difference and Smith made no objection to that, said "it was all right." Bratton testified that soon after the contract between him and Smith for the purchase of stock was executed Smith went to Augusta and took active charge of the business and remained there for some two months or better. He was made manager because of the fact that he was equally interested with the witness, and they had an understanding when Smith went to Augusta that he was to be the manager; Smith was not on a salary because he was one of the owners. Witness and Smith were the principal owners and they drew no salary, but did the work generally for the whole concern.

Smith testified that he had no relation to the Service Company except the purchase of the stock from Bratton. He made a contract for the purchase of the stock but the stock was never delivered to him. He had no agreement with Bratton to go to Augusta and take charge of the property, but did agree with Bratton that he would go over to Augusta and erect an ice plant for $100 a month. He never ordered any goods in the name of the Service Company and did not pay for anything that was ordered by others. In December, 1913, he first learned that the company had never been incorporated. He had no control over the management of the property of the Service Company. He had no knowledge that the Supply Company had sold the Service Company any machinery at any time.

Upon substantially the above facts the court instructed the jury to return a verdict in favor of Smith and refused to grant the Supply Company's prayer for instructions telling the jury to return a verdict in its favor. From a judgment dismissing the complaint of the Supply Company and for costs in favor of appellee is this appeal.

WOOD, J., (after stating the facts). Appellant seeks to hold appellee liable "not as a promoter, incor-

porator, or stockholder in a corporation," but because of the fact that he became in the language of the witness Bratton "one of the principal owners of the thing," and for a time in active charge and management of the business conducted by the Service Company. Appellant relies upon *Garnett et al.* v. *Richardson et al.,* 35 Ark. 144. In that case one Garnett, Huffman and Beaty, signed articles of association for the incorporation of the Hot Springs Ice Company, which were filed in the office of the clerk of the county court of Garland County. After the articles were filed in the office of the county clerk the parties named as the incorporators were associated together in business known as the Hot Springs Ice Company, and while thus transacting business incurred the indebtedness for which they were held liable. They afterwards filed the articles of association with the Secretary of State. In that case the court said: "Appellants could not do business as a corporation until their articles of association were filed in the office of the Secretary of State  *  *  *  For the purchases made by them before then they were personally liable as partners."

In *Bank of Midland* v. *Harris,* 114 Ark. 344-58, speaking of the case of Garnett v. Richardson, *supra,* we said: "That decision seems to be against the weight of modern authority and the doctrine of it should not be extended any further."

(1)   The facts set forth in the statement constituted the Service Company a *de facto* corporation. Bratton and his associates signed the articles and filed the same in the office of the county clerk, intending afterwards to also file the same with the Secretary of State but neglected to do so and Bratton said that he did not care to do so. But in the meantime the Service Company continued to conduct business in the name of the proposed corporation as set forth in its articles. The notes in suit were signed in the name of the Service Company by Bratton, as its President, and to all intents and purposes it

held itself out to the world as a corporation and the appellant transacted its business with it as a corporation.

, Mr. Cook says: "The corporation is a *de facto* corporation where there is a law authorizing such a corporation and where the company has made an effort to organize under the law and has transacted business under a corporate name." He further says: "The great weight of authority has clearly established the rule that where a supposed corporation is doing business as a *de facto* corporation, the stockholders can not be held liable as partners, although there have been irregularities, omissions, or mistakes in incorporating or organizing the company." Cook on Corporations, vol. 1, sec. 234; *Rainwater* v. *Childers*, 121 Ark. 541.

(2) The undisputed facts here show that appellant dealt with the Service Company as a corporation. Such being the case, there is no good reason why the appellant should be permitted to hold the appellee individually liable as a partner for the debts of the Service Company. Appellant did not deal with the appellee but dealt with the corporation, and appellant would get all that it was entitled to in justice according to its contract if it maintained a liability against the corporation or its individual stockholders. Appellee under the evidence was certainly not one of the original incorporators and did not undertake by his supposed purchase of stock to become liable as a partner for the debts of the corporation nor assume any other liability than would be incumbent upon him as a shareholder in proportion to his interest.

Appellant would be estopped from attempting to hold appellee in any other capacity or for any greater sum. See 10 Cyc. 662; 1 Cook on Corp., *supra*. In *Bank of Midland* v. *Harris, supra*, we said: "It does not follow that the corporation itself would not also be liable as a *de facto* corporation, nor that statutory liability of incorporators would be unenforceable." But neither does it follow that because the incorporators or

the individual stockholders might be liable under a given state of facts, one who had contracted for the purchase of stock, but to whom no stock in fact had been transferred, would also be liable as a partner.

Here the undisputed evidence shows that Smith was not an original incorporator and that he had in fact only entered into a contract for the purchase of stock. It would be greatly extending, and without reason, the doctrine of *Garnett* v. *Richardson, supra,* to hold him liable as a partner under the facts of this record. The ruling of the court in refusing to do so was correct, and its judgment is, therefore, affirmed.

McCULLOCH, C. J., (dissenting). The Arkansas Public Service Company was undoubtedly a *de facto* corporation, according to the great weight of modern authority. So was the concern dealt with in the case of *Garnett* v. *Richardson*, 35 Ark. 144. The facts in the two cases are identical so far as concerns the ineffectual attempt to organize a corporation. The principle which formed the basis of the decision in *Garnett* v. *Richardson* is that participation in the operation of a business under corporate name without completion of the organization so as to constitute a corporation *de jure*, makes such participants copartners in the business and renders them liable for the debts of the concern. The facts in *Garnett* v. *Richardson* were that the defendants were original organizers of the incomplete corporation, but it was their participation in the business which rendered them liable for the debts of the concern. This was made plain in the case of *Breitzke* v. *Tucker*, 129 Ark. 401, where we said that "to hold persons attempting to incorporate liable as partners, there must not only be an abortive attempt to incorporate, but there must also have been an attempt, after the failure to incorporate, to conduct the business for which the corporation was intended."

In the present case the party sought to be held liable for the debts was not an original incorporator, but he purchased stock in the corporation and actually partici-

pated in the operation of the business as an interested party—not as a mere employee. He was just as much a participant in the operation of the business as if he had been an original stockholder, and the fact that the stock had not actually been transferred to him is not important. He was the real owner of the stock, and participated in the operation of the business as one interested in the results of the operations. This brings him clearly within the doctrine of *Garnett* v. *Richardson,* which has not been overruled and which the majority does not now seem disposed to expressly overrule. We did not overrule it in *Bank of Midland* v. *Harris,* 114 Ark. 344, but, on the contrary, we recognized its binding force as a precedent by distinguishing it from the case under consideration. I think it would be better to overrule *Garnett* v. *Richardson* in express words rather than to attempt to distinguish it from the present case.

There is a conflict in the testimony in this case, and the issues ought to have been submitted to the jury.