MORSE *v.* BURKHART MANUFACTURING COMPANY.

Opinion delivered June 26, 1922.

PARTNERSHIP—LIABILITY OF ORGANIZERS OF CORPORATION.—Persons who have associated themselves together for the purpose of conducting business as a corporation are liable individually as partners on contracts made by them before filing the articles of incorporation with the Secretary of State.

Appeal from Pulaski Circuit Court, Third District; *Archie F. House,* Judge; affirmed.

*Rogers, Barber & Henry,* for appellant.

When this suit was filed Morse Brothers Lumber Company was a *de facto* corporation, and Jeter Morse and S. J. Morse are in no wise liable as individuals on this account.

The burden was on the appellee to prove the partnership, and the same being denied in the testimony, it raised an issue of fact for the jury.

Judgment should not have been rendered against appellants as partners, even if the organization had not been completed by filing articles of incorporation with the Secretary of State prior to judgment. 134 Ark. 23; 114 Ark. 358; Fletcher on Corporations, 1921 Suppl., § 298; *Id.* § 305.

*Poe, Gannaway & Poe,* for appellee.

Appellant cannot now complain that there was an issue of fact as to the existence of a partnership which should have been submitted to the jury, since they requested no instruction on that issue, hence there could be no reversible error in failing to submit it. 75 Ark. 76, 85; 84 *Id.* 399; 76 *Id.* 164; 81 *Id.* 561; 102 *Id.* 591; 95 *Id.* 597. Appellants did not object or save any exception to the giving of the peremptory instruction. They connot now complain that it was erroneous. 91 Ark. 43; 73 *Id.* 407; 88 Ark. 506.

2. The record does not show that Morse Bros. Lumber Company was a corporation, *de facto* or otherwise. Appellants raised this question for the first time at the

trial, and the burden was therefore on them to prove that they were a *de facto* corporation. Appellee agreed that appellants might file as a part of the record, the originals or certified copies of the alleged articles of incorporation, but that was never done. The natural conclusion is that they were not incorporated. 1 Thompson on Corporations 311; 59 Fed. 746.

Three things are essential to the existence of a *de facto* corporation:

(1) A valid law under which a corporation with the powers assumed may be incorporated. 2() A bona fide attempt to organize such corporation under that law, and (3) an actual exercise of corporate powers. 7 R. C. L. 61-66. See also 168 Fed. 187.

The burden of proof was upon the appellants to show that the alleged corporation had exercised actual corporate powers. 59 Fed. 746-748.

If, however, it should be held that Morse Bros. Lumber Company was a *de facto* corporation, appellants, who were the original incorporators, are liable as partners for a debt contracted by the *de facto* corporation. 35 Ark. 144, 146. *Bank of Midland* v. *Harris,* 114 Ark. 358, relied on by appellants, has no application to this case.

HUMPHREYS, J. Appellee, a Missouri corporation, instituted this suit in the Pulaski Circuit Court, Third Division, against Jeter Morse, Wesley Morse, J. M. Morse, and S. J. Morse, alleged copartners trading as Morse Bros. Lumber Company, to recover $2,389.89 for lumber sold and delivered to the firm. Service was obtained on Jeter Morse and S. J. Morse. They filed separate answers denying that the several parties sued, including themselves, were copartners trading as Morse Bros. Lumber Company, but on the contrary were stockholders in a *de facto* corporation by that name; also denying individual liability on account of lumber sold and delivered to the corporation.

The cause was submitted upon the pleadings and testimony. At the conclusion of the testimony the court

instructed a verdict in favor of appellee for the amount claimed, and upon return of the verdict, rendered judgment in accordance therewith for $2,466.76 against Jeter Morse and S. J. Morse as individuals, from which is this appeal.

The record reflects that Jeter Morse, S. J. Morse, Wesley Morse, and J. M. Morse associated themselves together under the name of Morse Bros. Lumber Company for the purpose of conducting a lumber business as a corporation. The concern filed articles of incorporation in 1916 with the clerk of Yell County. The articles of incorporation were not filed with the Secretary of State until July or August of 1921. In the meantime, Morse Bros. Lumber Company conducted a manufacturing wholesale lumber business at Little Rock, Arkansas. Its letters and invoices were signed Morse Bros. Lumber Company, by Jeter Morse, President. The items of lumber embraced in the account sued upon were ordered from appellee by letter signed in this way, dated March 8, 1921.

The question, squarely presented for determination on this appeal, is whether, under the laws of this State, individuals may associate themselves together for the purpose of organizing a corporation and conduct business in the corporate name before perfecting the incorporation, without rendering themselves individually liable as partners. In the case of *Garnett* v. *Richardson,* 35 Ark. 144, the court ruled they could not. It was said in that case, ''appellants could not do business as a corporation until their articles of association were filed in the office of the Secretary of State, as provided by the general act of incorporation. For purchases made by them before then, they were personally liable as partners.'' The doctrine announced in this case, although contrary to the apparent weight of authority, has been approved without extension in the cases of *Bank of Midland* v. *Harris,* 114 Ark. 358; *Breitzke* v. *Tucker,* 129 Ark. 401,

and *Wesco Supply Co.* v. *Smith,* 134 Ark. 23. The instant case is ruled by *Garnett* v. *Richardson, supra,* as the cases are in substance identical.

No error appearing, the judgment is affirmed.