GAZETTE PUBLISHING COMPANY *v.* BRADY.

4-6767                                                     162 S. W. 2d 494

Opinion delivered June 1, 1942..

*Thos. T. Dickinson,* for appellant.

*Talley, Owen & Talley,* for appellee.

HUMPHREYS, J.  On June 13, 1941, appellant, a corporation, brought suit in the third division of the circuit court of Pulaski county, Arkansas, against appellees, doing business as partners under the firm name of United Grocers Association, Inc., to recover a balance due it on open account of $476.96, for publishing advertising matter pertaining to the business.

.Appellees filed an answer admitting the correctness of the account, and interposing the defense that they were not doing business as partners, but were doing business as a corporation duly incorporated as the United Grocers Association, Inc., under Act 255 of the Acts of 1931 of the General Assembly of Arkansas, which act constituted them a body politic and exempted them from personal liability for the debts of said corporation.

Appellants filed a reply to the answer of appellees denying that they complied with Act 255 of the Acts of 1931 so as to exempt them from personal liability for the debts of the purported corporation.

The facts disclosed by the record are undisputed, and reveal that on the 13th day of March, 1939, appellees, D. A. Brady, Paul E. Talley, and Elizabeth Brady filed articles of incorporation with the secretary of state of the State of Arkansas, C. G. Hall, at which time the said secretary of state issued them a certificate of incorporation under the name of United Grocers Association, Inc. A copy of the articles of incorporation were never filed in the office of the county clerk of Pulaski county or any other county in the state of Arkansas. The names of the three incorporators and the names of sixteen other stockholders and the amount of stock subscribed for and owned by each were incorporated in the articles of incorporation. It does not appear whether the stockholders ever met and selected a board of directors, but the record reflects that D. A. Brady acted as president and C. P. Stuart as manager of the association. They opened a warehouse and office at 205 North Arch street in the city of Little Rock in Pulaski county, Arkansas, in the name of United Grocers Association, Inc., and conducted the grocery business. C. P. Stuart acted as manager until March 31, 1940, at which time he was discharged and his responsibilities were assumed by Elizabeth Brady who managed the business until the United Grocers Association, Inc., ceased to do business. The advertisements were contracted for and run in appellant's paper, were paid for by checks drawn on the bank account of United Grocers Association, Inc., by C. P. Stuart while manager and Elizabeth Brady while manager and were countersigned

by D. A. Brady, president, but at the time United Grocers Association, Inc., ceased to do business there was a balance due appellant of $476.96. Appellant extended credit for advertising to the United Grocers Association, Inc., under written contract proposed by United Grocers Association, Inc., "Advertiser, by D. A. Brady." Appellant being under the impression that United Grocers Association, Inc., was a duly incorporated corporation contracted with it as such through its president and manager and did not deal with or contact individually the organizers or stockholders and did not know who they were.

Appellant sued the organizers and stockholders individually as partners doing business under the firm name of United Grocers Association, Inc., after it found out that the United Grocers Association, Inc., had not filed the articles of incorporation with the county clerk in Pulaski county or any other county in the state. After the testimony was concluded appellees requested the court to instruct a verdict for it. Appellant requested six separate instructions based upon facts revealed by the evidence, which facts were undisputed.

The court thereupon instructed the jury to return a verdict for appellees and refused to submit the case to the jury upon the six instructions requested by appellant, all over the objections and exceptions of appellant.

Pursuant to the verdict, the court rendered a judgment in favor of appellees and dismissed appellant's complaint and adjudged the costs against appellant, from which appellant has duly appealed to this court.

The questions arising on this appeal are: (1) "Was the United Grocers Association, Inc., incorporated under the laws of the State of Arkansas? And, (2) if not, are the stockholders liable individually for the debts of the business?"

The facts being undisputed, of course, the court correctly took the determination of the facts from the jury. There were no issues of fact for the jury to determine. The sole question became a question of law as to whether, under the undisputed facts, appellees were liable for the debts incurred by the United Grocers Association, Inc.,

during the time it continued in business. Appellant contends that under § 3 of Act 255 of the Acts of 1931, now § 2131, Pope's Digest, it was and is necessary for the organizers and the stockholders of a corporation to file their articles of incorporation with the Secretary of State and thereafter with the county clerk in order to constitute its corporation an entity or a *de jure* corporation and thereby relieve the incorporators and stockholders from personal liability for the debts of the corporation.

Appellees, on the other hand, contend that under said act it is only necessary to file their articles of incorporation with the Secretary of State to constitute themselves a corporate entity and thereby exempt themselves from personal liability for the debts of the concern.

Section 3 of said act is in part as follows: "Upon the filing with the Secretary of State of articles of incorporation, the corporate existence shall begin. Provided, however, a set of the articles of incorporation (bearing the filing marks of the Secretary of State) shall be filed for record with the county clerk of the county in which the corporation's principal office or place of business in this state is located."

We think the proper interpretation of said section is that in order to become a corporation *de jure* the articles of incorporation shall be filed with both the Secretary of State and the county clerk of the county in which the corporation's principal office or place of business is located. Said section is not materially different from § 9 of Act XCII of the Acts of 1869, relative to the creation and regulation of corporations, which latter act was repealed by Act 255 of the Acts of 1931. That act, however, was in full force and effect until repealed by Act 255 of the Acts of 1931, and during the time it was in effect this court in a long line of decisions, beginning with the case of *Garnett* v. *Richardson*, 35 Ark. 144, held that in order to exempt the organizers of a corporation from personal liability for the debts of the concern, the articles of incorporation must be filed in both the office of the Secretary of State and the office of the county clerk.

We think the construction placed upon § 9 of Act XCII of the Acts of 1869 is applicable to § 3 of Act 255

of the Acts of the General Assembly of 1931 as both sections require the filing of the articles of incorporation in both the office of the Secretary of State and the county clerk of the county in which the corporation's principal office or place of business is located in order to constitute the corporation a *de jure* corporation. In other words, we are of the opinion that the failure to file the articles of incorporation in either the office of the Secretary of State or in the office of the county clerk has the effect of constituting the proposed corporation a *de facto* corporation. In order to exempt any association of persons from personal liability for the debts of a proposed corporation they must comply fully with the act under which the corporation is created. A partial compliance with the act is not sufficient. Unless they comply fully with the act, they are, as to business transacted, a partnership.

We think the rule announced in *Garnett* v. *Richardson, supra,* and the subsequent cases reannouncing the rule is controlling in the instant case.

Under this view of the law the trial court should have instructed a verdict for appellant instead of for appellees.

The judgment is, therefore, reversed and judgment is entered here for $476.96 in favor of appellant, with interest thereon at the rate of 6 per cent. per annum from the date of the filing of its suit together with all of its costs expended in both courts.