BURKS *v.* COOK.

5-799                                    284 S. W. 2d 855

Opinion delivered December 19, 1955.

*Willis V. Lewis,* for appellant.

*Cockrill, Limerick & Laser* and *Abner McGehee,* for appellee.

PAUL WARD, Associate Justice. The question for decision in this case is: When are the organizers of a purported corporation individually liable for debts contracted in the name of such corporation? No oral testimony was taken in the trial court, and this case is presented to us on the pleadings, stipulations and the record.

On August 26, 1953, Articles of Incorporation of "National Truck Leasing System, Inc." were filed in the

office of the Secretary of State. These articles show the organizers of said corporation to be: Paul J. Burks, Frank E. Jarvis, William L. Keesee and Willis V. Lewis. Stock Certificate No. 4 shows that 6 shares of the purported corporation were issued to Willis V. Lewis on August 26, 1953. Certificate No. 5, of the same date, shows 6 shares issued to Paul J. Burks, and it is stipulated that these were the same shares that were executed to Lewis by Certificate No. 4. The record shows that on September 16, 1953, there was filed with the Secretary of State an ''Amendment to Articles of Incorporation of National Truck Leasing System, Inc., changing name to: Motor Truck Rentals System, Inc.''

Beginning on October 29, 1953, and ending on December 12, 1953, the appellees, a partnership, sold and charged to the Motor Truck Rentals System, Inc., articles of merchandise in the total amount of $623.65 which had not been paid for.

On June 14, 1954, appellees filed this suit against appellants [the original incorporators named above] to recover judgment for the articles above mentioned. It was alleged that the articles of incorporation and the amendment thereof had never been filed in the office of the Pulaski County Clerk as required by Ark. Stats., § 64-103; that the Motor Truck Rentals System, Inc., is a *de facto* corporation, and; that the stockholders or original organizers were individually liable as partners.

On June 18, 1954, the aforementioned Articles of Incorporation and the Amendment were filed in the office of the Pulaski County Clerk.

On April 22, 1955, the above factual situation was submitted to the trial judge, sitting as a jury, and he rendered a joint and several judgment against all appellants.

The judgment of the trial court must be affirmed in part on the authority of *Gazette Publishing Company* v. *Brady,* 204 Ark. 396, 162 S. W. 2d 494, and *Whitaker* v.

*Mitchell Manufacturing Co.,* 219 Ark. 779, 244 S. W. 2d 965.

Appellants frankly admit that the holdings in the above mentioned cases are contrary to their contention here. However, in a forceful brief they present an array of authorities in an effort to convince this court that the *Gazette* case, *supra,* [upon which the decision in the Whitaker case largely rests] should be overruled. In response to this contention on the part of appellants it is sufficient to say that this same argument was forcibly urged in the *Whitaker* case, *supra,* and there rejected. In the latter case the contention here urged by appellants was specifically called to the court's attention in a concurring opinion. Many of the authorities cited by appellants to sustain their contention were mentioned and discussed in the *Whitaker* case, *supra.* We can therefore see no good reason for discussing these cases again or for overruling the holding in the *Gazette* and *Whitaker* cases.

It is earnestly contended that the judgment of the trial court should be reversed insofar as it held appellant, Willis V. Lewis, liable. Lewis was one of the original organizers of the National Truck Leasing System, Inc., the name of which was later changed to Motor Truck Rentals System, Inc. In the *Gazette* case, *supra,* this court approved a statement made in the case of *Garnett* v. *Richardson,* 35 Ark. 144, that "in order to exempt the organizers of a corporation from personal liability for the debts of the concern, the articles of incorporation must be filed, in both the office of the Secretary of State and the office of the County Clerk." It is undisputed that in the present case neither the articles of incorporation nor the amendment had been, at the time suit was instituted, filed in the office of the County Clerk of Pulaski County. Thus it would seem from the above that Lewis must be held liable in this instance. However, we do not think that, under the facts and circumstances of this case, the above conclusion correctly follows.

We have present in this case a fact situation which was not present in the *Garnett* and *Gazette* cases, *supra,*

in that here credit was extended after Lewis ceased to be a member of the purported corporation. This fact question not being present in the cited cases we can feel sure that no special consideration was given to it. The *Garnett* opinion is short and certainly no consideration was given to the point under question in that case. The gist of the opinion in that case is found in the last sentence which reads as follows: "For purchases made by them before then they were personally liable as partners." From this it appears that the court was considering a case where the original incorporators made the purchases for which they were held liable. In this case Lewis had of course withdrawn from the purported corporation some two months before the purchases were made.

In this instance Lewis and the other original incorporators are placed in the role of partners by operation of law since they did not file articles of incorporation in the office of the County Clerk. Considering them as partners we have concluded that Lewis is not liable on the debt herein sued upon under the decisions of this court pertaining to a partnership. In the case of *Rector* v. *Robins,* 74 Ark. 437, 86 S. W. 667, a creditor sought to hold liable Robins, a member of a partnership, who withdrew from the partnership before the debt was contracted. This court there approved an instruction which stated that Robins would be liable if the creditor "extended the credit for the claim sued on in the faith of his belief that Robins was such a partner." The court again indicated on Page 443 of the Arkansas Reports that before Rector could hold Robins liable he must have extended credit upon the faith of Robins' partnership in the firm.

It cannot be said in the case under consideration that appellees extended credit to the Motor Truck Rentals System, Inc., because of their reliance on Lewis' financial responsibility. No evidence was taken in this case and therefore there is no showing that appellees extended credit because of Lewis.

In the case of *Raywinkle* v. *The Southern Coal Co.,* 117 Ark. 283, 174 S. W. 524, appellee sought to hold Ray-

winkle liable as a partner for a debt contracted after he had withdrawn from the partnership. In holding that Raywinkle was not liable this court, among other things, said:

"The plaintiff [appellee] during this time had no dealings whatever with the firm and cannot be said to have contracted with the firm on the credit of Raywinkle. Raywinkle's name never appeared in the firm and it was not shown that the firm in conducting its business ever used his name. Under these circumstances we do not think he was responsible for the debt of the plaintiff and the court erred in directing a verdict for the plaintiff."

This same question was considered in the case of *Anglin* v. *Marr Canning Co.*, 152 Ark. 1, 237 S. W. 440. There Anglin sought to recover against two partners who had withdrawn from the appellee partnership. This court in discussing the various instructions given by the trial court recognized that before appellant could recover he must have extended credit upon the faith he had in the financial responsibility of the former partners, or that the former partners' conduct had been such as to mislead appellant into believing they were still members of the partnership firm. It cannot, of course, be said in the case under consideration that Lewis' conduct in any way misled appellees, since no evidence was introduced. Neither did the "partnership" bear the name of Lewis.

Based upon the above observations it is our conclusion that the trial court erred in holding Lewis liable and the judgment is hereby reversed to that extent, but it is affirmed as to the other appellants.

Affirmed in part and reversed in part.