Robert L. HARRIS *v.* Avanell LOONEY and Rita
Alexander

CA 92-1473                                          862 S.W.2d 282

Court of Appeals of Arkansas
Division II
Opinion delivered September 29, 1993

*Thomas L. Mays*, for appellant.

*Honey & Honey, P.A.*, for appellee.

JOHN MAUZY PITTMAN, Judge. This appeal is from an order
of the Dallas County Circuit Court which awarded appellant

judgment against defendant Joe Alexander but not against appellees, Avanell Looney and Rita Alexander. Appellant contends that, under the terms of Ark. Code Ann. § 4-27-204 (Repl. 1991), appellees were strictly liable for J&R Construction, Inc.'s debt to him. We initially certified this case to the Arkansas Supreme Court pursuant to Rule 1-2(a)(3) of the Rules of the Arkansas Supreme Court [formerly Ark. Sup. Ct. Rule 29(1)(c)] as one involving construction of a statute. However, the supreme court declined to accept jurisdiction and remanded the case to this court for decision. We affirm.

On February 1, 1988, appellant, Robert L. Harris, sold his business and its assets to J&R Construction. The articles of incorporation for J&R Construction were signed by the incorporators on February 1, 1988, but were not filed with the Secretary of State's office until February 3, 1988. In 1991, J&R Construction defaulted on its contract and promissory note, and appellant sued the incorporators of J&R Construction, Joe Alexander and appellees, Avanell Looney and Rita Alexander, for judgment jointly and severally on the corporation's debt of $49,696.21. In his amended complaint, appellant alleged that the incorporators were jointly and severally liable for the debt of J&R Construction because its articles of incorporation had not been filed with the Secretary of State's Office at the time Joe Alexander, on behalf of the corporation, entered into the contract with appellant. After a bench trial, the circuit court held that Joe Alexander was personally liable for the debts of J&R Construction because he was the contracting party who dealt on behalf of the corporation. The court refused, however, to hold appellees, Avanell Looney and Rita Alexander, liable, because neither of them had acted for or on behalf of the corporation pursuant to Ark. Code Ann. § 4-27-204 (Repl. 1991).

On appeal, appellant contends that the trial court erred in not holding appellees jointly and severally liable, along with Joe Alexander. It was undisputed that the contract and promissory note were signed by Joe Alexander on behalf of J&R Construction and that J&R Construction had not yet been incorporated when the contract was executed.[1] Appellant concludes that,

---

[1] Arkansas Code Annotated § 4-27-203 (Repl. 1991), which provides that,

because Arkansas law imposes joint and several liability on those purporting to act as or on behalf of a corporation knowing there is no incorporation, the trial court erred in not also awarding him judgment against appellees.

In support of his argument, appellant cites *Thompson* v. *Robinson Tube Fabricating Co.*, 238 Ark. 996, 386 S.W.2d 926 (1965), where the supreme court held that:

> "[W]here an incorporator signs a contract or agreement in the name of the corporation before the corporation is actually formed and the other party to the agreement believes at the time of the signing that the corporation is already formed, then the incorporators are responsible as a partnership for the obligations contained in the contract or agreement, including damages resulting from any breach of the contract on their part. . . ."

238 Ark. at 998, 386 S.W.2d at 928. *See also Burks* v. *Cook*, 225 Ark. 756, 284 S.W.2d 855 (1955); *Whitaker* v. *Mitchell Mfg. Co.*, 219 Ark. 779, 244 S.W.2d 965 (1952); *Gazette Publishing Co.* v. *Brady*, 204 Ark. 396, 162 S.W.2d 494 (1942); *but see Rainwater* v. *Childress*, 121 Ark. 541, 182 S.W. 280 (1915) (holding that signers to a subscription contract are not liable as stockholders in a *de facto* corporation). These cases, however, were decided before the Arkansas General Assembly had specifically addressed the issue of liability of individuals for preincorporation debt.

In 1987, the Arkansas General Assembly passed Act 958 which adopted the Arkansas Business Corporation Act. Section 204 of this Act, Ark. Code Ann. § 4-27-204, concerns liability for pre-incorporation transactions and is identical to Section 2.04 of the Revised Model Business Corporation Act. It states: "All persons purporting to act as or on behalf of a corporation, knowing there was no incorporation under this Act, are jointly and severally liable for all liabilities created while so acting." The official comment to § 2.04 of the Revised Model Business Corporation Act explains:

---

"[u]nless a delayed effective date is specified, the corporation's existence begins when the articles of incorporation are filed."

Earlier versions of the Model Act, and the statutes of many states, have long provided that corporate existence begins only with the acceptance of articles of incorporation by the secretary of state. Many states also have statutes that provide expressly that those who prematurely act as or on behalf of a corporation are personally liable on all transactions entered into or liabilities incurred before incorporation. A review of recent case law indicates, however, that even in states with such statutes courts have continued to rely on common law concepts of de facto corporations, de jure corporations, and corporations by estoppel that provide uncertain protection against liability for preincorporation transactions. These cases caused a review of the underlying policies represented in earlier versions of the Model Act and the adoption of a slightly more flexible or relaxed standard.

Incorporation under modern statutes is so simple and inexpensive that a strong argument may be made that nothing short of filing articles of incorporation should create the privilege of limited liability. A number of situations have arisen, however, in which the protection of limited liability arguably should be recognized even though the simple incorporation process established by modern statutes has not been completed.

. . . .

. . . [I]t seemed appropriate to impose liability only on persons who act as or on behalf of corporations "knowing" that no corporation exists. Analogous protection has long been accorded under the uniform limited partnership acts to limited partners who contribute capital to a partnership in the erroneous belief that a limited partnership certificate has been filed. UNIFORM LIMITED PARTNER- SHIP ACT § 12 (1916); REVISED UNIFORM LIM- ITED PARTNERSHIP ACT § 3.04 (1976). Persons protected under § 3.04 of the latter are persons who "erroneously but in good faith" believe that a limited partnership certificate has been filed. The language of section 2.04 has essentially the same meaning.

While no special provision is made in section 2.04, the

section does not foreclose the possibility that persons who urge defendants to execute contracts in the corporate name knowing that no steps to incorporate have been taken may be estopped to impose personal liability on individual defendants. This estoppel may be based on the inequity perceived when persons, unwilling or reluctant to enter into a commitment under their own name, are persuaded to use the name of a nonexistent corporation, and then are sought to be held personally liable under section 2.04 by the party advocating that form of execution. By contrast, persons who knowingly participate in a business under a corporate name are jointly and severally liable on "corporate" obligations under section 2.04 and may not argue that plaintiffs are "estopped" from holding them personally liable because all transactions were conducted on a corporate basis.

Model Business Corporation Act Ann. § 2.04 official cmt. at 130.2-33 (3d ed. 1992).

■ In passing this Act, the Arkansas General Assembly adopted a heightened standard for imposing personal liability for transactions entered into before incorporation. The Act requires that, in order to find liability under § 4-27-204, there must be a finding that the persons sought to be charged acted as or on behalf of the corporation and knew there was no incorporation under the Act.

The evidence showed that the contract to purchase appellant's business and the promissory note were signed only by Joe Alexander on behalf of the corporation. The only evidence introduced to support appellant's allegation that appellees were acting on behalf of the corporation was Joe Alexander's and Avanell Looney's statements that they were present when the contract with appellant was signed; however, these statements were disputed by appellant and his wife. Appellant testified that he, his wife, Kathryn Harris, and Joe Alexander were present when the documents were signed to purchase his business and he did not remember appellee Avanell Looney being present. Kathryn Harris testified that appellees were not present when the contract was signed.

■ The trial court denied appellant judgment against

appellees because he found that appellees had not acted for or on behalf of J&R Construction as required by § 4-27-204. The findings of fact of a trial judge sitting as the factfinder will not be disturbed on appeal unless the findings are clearly erroneous or clearly against the preponderance of the evidence, giving due regard to the opportunity of the trial court to assess the credibility of the witnesses. *Arkansas Poultry Fed'n Ins. Trust* v. *Lawrence*, 34 Ark. App. 45, 805 S.W.2d 653 (1991). From our review of the record, we cannot say that the trial court's finding in this case is clearly against the preponderance of the evidence, and we find no error in the court's refusal to award appellant judgment against appellees.

Affirmed.

JENNINGS, C.J., and ROGERS, J., agree.