THOMPSON _v._ ROBINSON TUBE FABRICATING CO.

5-3426                                    386 S. W. 2d 926

Opinion delivered February 1, 1965.

[Rehearing denied March 15, 1965.]

_Pickins, Pickins & Boyce_ and _Alston Jennings,_ for appellant.

_Comer Boyett_ and _Robert Henry,_ for appellee.

ED F. McFADDIN, Associate Justice. This is an action for damages for breach of contract and also to hold the defendants liable as partners. The contract which is the basis of this action reads:

"April 29, 1959

"It is agreed that Robinson Tube Fabricating Company will have exclusive right and agrees to furnish all labor and parts necessary to manufacture, store and ship F.O.B. Conway, a satisfactory marketable table except tubing, woodwork and boxes for the first 10,000 tables sold by Thompson Industries, Inc., for the sum of $5.10 each.

"It is agreed that Thompson Industries, Inc. will make an initial order for enough tubing to manufacture 1,000 tables, also woodwork and boxes for said amount.

"/s/ J. A. Thompson, President Thompson Industries, Inc.

"/s/ E. H. Kellar, President Robinson Tube Fabricating Co."

On August 25, 1959, Thompson Industries ordered the 1,000 tables specified in the last sentence of the contract, but later refused to accept the tables or pay anything for them; and all of them that had been manufactured were sold for storage charges. Thereupon, Robinson Tube Fabricating Company (hereinafter called "Robinson") filed this action against J. A. Thompson, J. A. Thompson, Jr., and Mrs. J. A. Thompson, Jr., seeking to hold them liable as partners for $26,590.00 which Robinson claimed as damages for breach of the signed contract. The Thompsons specifically denied personal liability, and denied all other allegations made by Robinson. Trial to a jury resulted in a verdict and judgment for Robinson for $4,713.17; and from that judgment the Thompsons bring this appeal, urging three points:

"I. The court erred in refusing to direct a verdict in favor of Appellants.

"II. The court erred in giving Appellee's Requested Instruction No. 1.

"III. The court submitted the matter to the jury on a completely erroneous measure of damages."

### I.

We find no merit in appellant's first point. It was shown that the Thompsons had not incorporated Thompson Industries, Inc. on April 29, 1959, when the contract was signed[1] or on August 25, 1959, when the order was made for the 1,000 tables. There was evidence from

[1] The corporation was not actually formed until October 8, 1959, with three stockholders: J. A. Thompson, Sr. had one share; J. A. Thompson, Jr. had 4,998 shares; and Mrs. J. A. Thompson Jr. had one share.

which the jury could have found—as it evidently did—that J. A. Thompson, Jr. had represented on April 29, 1959, that the corporation was already in existence. Also there was evidence that this representation induced the acceptance of the order of August 25, 1959, for the 1,000 tables. Thus the Thompsons were partners when the contract was signed and the tables ordered. *Whitaker v. Mitchell,* 219 Ark. 779, 244 S. W. 2d 965; *Gazette Pub. Co. v. Brady,* 204 Ark. 396, 162 S. W. 2d 494.

## II.

Appellants' second point relates to appellee's Instruction No. 1 given by the Trial Court. This instruction reads:

"You are instructed that where an incorporator signs a contract or agreement in the name of the corporation before the corporation is actually formed and the other party to the agreement believes at the time of the signing that the corporation is already formed, then the incorporators are responsible as a partnership for the obligations contained in the contract or agreement, including damages resulting from any breach of the contract on their part.

"In this case it is admitted that Thompson Industries, Inc., was not formed at the time the agreement sued upon was signed. You are further told that J. A. Thompson, J. A. Thompson, Jr. and Mrs. J. A. Thompson, Jr. are incorporators of Thompson Industries, Inc.

"If you find from a preponderance of the evidence in this case that the president and treasurer of Robinson Tube Fabricating Company believed and acting as reasonably prudent persons were justified in believing at the time they signed the agreement that Thompson Industries, Inc. was a corporation already formed and in existence and you further find that the incorporator or incorporators breached the signed agreement, then you may find for the plaintiff."

Appellants offered several objections to the instruction, but the Trial Court overruled them, saying: "The

objection is overruled for the reason that the Court does not take Instruction No. 1 to point up anything other than individual liability.'' When we consider all the instructions given on the various phases of the case, including the defenses offered, we conclude that the Trial Court was correct. This Instruction No. 1 related only to the liability of the defendants as partners and not to all the other issues in the case.

### III.

The appellants' third point relates to the matter of damages, and on this point we find there is some merit. Robinson alleged and, over objection of defendants, was allowed to show these items regarding damages:

| | |
|---|---|
| Engineering the production | $12,175.00 |
| Tooling the product | 7,500.00 |
| Production development | 2,835.00 |
| Production to date | 4,080.00 |

Over the objection of the defendants, the witness for Robinson was allowed to testify that in order to prepare to produce the tables Robinson spent $12,175.00 engineering the production and $7,500.00 for tooling the product; that special equipment was required to perform one function, and one function only, and included dies and bending tools which could not be used for any other purpose. Furthermore, over the objection of the defendants, the witness for Robinson was allowed to testify that $2,835.00 was spent for production development and $4,080.00 for labor in working on the material for the August 1959 order made by Thompson. Over the objection of the defendants, the Court instructed the jury:

''You are instructed that if you find for the plaintiff in this case, you will assess its damages, if any, in such sum as you find will compensate it for its expenses incurred in preparation for performance of the contract including engineering the product, tooling the product, production development and production to date, not to exceed $26,590.00, the amount sued for.''[2]

---

[2] The defendants' specific objection to this instruction was as follows:     ⟶

The contract signed April 29, 1959 did not require Thompson to do anything except to order 1,000 tables at $5.10 each. This was the last sentence in the contract. In the first portion of the contract Thompson agreed that Robinson would have the exclusive right to manufacture 10,000 tables; but these were not required to be ordered immediately and no deprivation of this right has been alleged. Thompson was required to order 1,000 tables; and in August 1959 such was done. In short, the agreement of April 1959 did not obligate Thompson to immediately purchase 10,000 tables from Robinson: it merely gave Robinson the exclusive right to manufacture the first 10,000 tables sold by Thompson. The first part of the contract merely prohibited Thompson from having the first 10,000 tables manufactured by anyone except Robinson. No breach of that provision is alleged. The binding obligation on Thompson was to order 1,000 tables; and that is what Thompson did. Thus, the only damages that Robinson could claim were the damages that flowed from Thompson's refusal to accept and pay for the 1,000 tables ordered. The uncontradicted proof in the record as to such damages sustained by Robinson on these 1,000 tables is the sum of $4,080.00 paid for labor in manufacturing them.

Even though the Court was in error in submitting to the jury the other claimed elements of damages, nevertheless this error may be cured by a remittitur. There was no evidence offered by Thompson to dispute the

"Defendants object to the giving of plaintiff's requested instruction No. 3, for the reason that it is an improper measure of damages and permits a recovery as though the defendants had entered into an agreement to buy ten thousand tables from the plaintiff, which they did not agree to do; and for the reason that in permitting the jury to consider costs or expenses incurred in preparation for performance of the contract and also to recover for production to date would involve a duplication of damages, since the plaintiff must have contemplated in setting a price of $5.10 per table that a portion of that $5.10 would represent a recoupment of expenses incurred in preparation for performance. For the further reason that the instruction would permit the jury to return a verdict up to a sum of $26,590.00, when under the evidence in this case and under the terms of the agreement of April 29, 1959, and subsequent dealings between the parties, if the plaintiff is entitled to recover at all, which the defendants deny, the maximum amount the plaintiff could recover would be $4,080.00, the amount for which the plaintiff had previously billed Thompson Industries, Incorporated."

testimony of Robinson that it had expended $4,080.00 for labor to fulfill the order of August 1959 for 1,000 tables. Since this item of damages was undisputed, it follows that the Court's error as to the other damages may be cured by reducing the judgment to $4,080.00. If, within 17 calendar days, the appellee will enter a remittitur as to all of the judgment in excess of $4,080.00 and interest thereon from April 6, 1964, then the judgment will be affirmed for that amount and costs, less cost of the appeal; otherwise, the entire judgment will be reversed and the cause remanded.